UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROMAN BLAKES                                              CIVIL ACTION NO. 21-cv-3422

VERSUS                                                           CHIEF JUDGE HICKS

SCOOTERBUG INC ET AL                                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Roman Blakes ("Plaintiff") filed this civil action against Scooterbug, Inc., Boyd Gaming Corporation ("Boyd"), and Red River Entertainment of Shreveport, LLC ("Red River") for damages he sustained when he fell out of a scooter. Scooterbug and Red River removed the case based on an assertion of diversity jurisdiction, which puts the burden on the removing defendants to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations with regard to Plaintiff's citizenship and the amount in controversy are sufficient. However, to determine whether subject matter jurisdiction exists in this case, more information is needed regarding the defendants' citizenship.

The notice of removal states that Red River is an LLC whose members are all "residents" of Nevada. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but

"[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). The removing defendants will need to file an amended notice of removal that specifically alleges the state in which each member of Red River is domiciled.

The notice of removal alleges that Scooterbug is "a foreign corporation originating in Massachusetts with its principal office in Florida." The notice also alleges that Boyd Gaming is "a Nevada corporation." A certificate from the Secretary of State attached to the notice of removal indicates that Boyd Gaming has its "principal office" in Florida. Doc. 1-2, p. 31. This is close to the requirements of Section 1332, but specificity is required to ensure the defendants have met their burden.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The notice of removal, along with its attachments, alleges that each of the corporate defendants has its "principal office" in a particular state, but it does not specifically allege where each has its principal place of business, which is the requirement of the statute. A corporation's principal place of business is where its high-level officers direct, control, and coordinate the corporation's activities. This place is sometimes described as the "nerve center" of the corporation. Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). The removing defendants must include in their amended notice of removal a specific allegation as to which state the

corporate defendant has its principal place of business.  The amended notice of removal must be filed no later than **October 18, 2021.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of October, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge